George Postel, J.
The defendant demurs to his indictment for ‘ ‘ Advocacy of Criminal Anarchy ’ ’ on the ground that the Federal Government has, by passage of the Smith Act (U. S. Code, tit. 18, § 2385 et seg.) pre-empted the States from prosecuting those advocating anarchy, etc. He relies strongly on Pennsylvania v. Nelson (350 U. S. 497). In that case, the defendant Nelson was charged with a violation of the Pennsylvania Sedition Act (Pa. Penal Code, § 207; 18 Pur don’s Pa. Stat. Ann., § 4207). The Pennsylvania Sedition Act and the Smith Act both declare it a crime to advocate violence against a State or against the United States. In reversing the conviction, the Supreme Court of the State of Pennsylvania noted particularly that the indictment only “ alleged sedition against the United States * e * nor a single word * * e against the Government of Pennsylvania.” (377 Pa. 58, 69.) And, therefore, by the Smith Act (supra) the State Sedition Act was superseded. Because so many (44) States had similar statutes and because of the important question of Federal-State relationship involved the Supreme Court granted certiorari (348 U. S. 814). The Supreme Court adopting most of the thinking of the Supreme Court of Pennsylvania stated that the decision of the latter was unassailable (Pennsylvania v. Nelson, 350 U. S. 497, 509, supra) and affirmed the judgment of the highest Pennsylvania court.
If the Nelson case was the last word on the subject, the court would have a difficult task to distinguish the present case from it, although distinguished it could be. The Supreme Court of the United States, in the ease of Uphaus v. Wyman (360 U. S. 72) has shown the way. In the Uphaus case the action was brought under the New Hampshire Subversive Activities Act (N. H. Rev. State Ann. 1955, ch. 588, §§ 1-16) which proscribes advocacy of subversive acts against the United States or of the State of New Hampshire. The defendant Uphaus defended on the ground that the Smith Act had superseded the New Hampshire Subversive Activities Act. Justice Clark, in the majority opinion (pp. 76-77), states that “ in Nelson itself * * * the ‘ precise holding of the court * * * is that the Smith Act * * * which prohibits knowing advocacy of the overthrow of the *786 Government of the United States by force and violence supersedes the enforceability of the Pennsylvania Sedition Act which proscribed the same conduct ’ * * * The opinion made clear that a State could proceed with prosecutions for sedition against the State itself (Italics added.) That such was the opinion in the Nelson case can be ascertained from the dissenting opinion in the Uphaus case where Chief Justice Warren, Justices Black and Douglas join in the dissenting opinion of Justice Brennan, the same three having voted on the affirmative side in the Nelson case. On page 99 of the Uphaus dissenting opinion criticizing the New Hampshire statute stating that its criminal sanctions ‘ ‘ could not be applied at all insofar as it amounted to a sanction for behavior directed against the United States. Pennsylvania v. Nelson, 350 U. S. 497.”
The defendant here is charged with advocating, etc., against the State of New York and its officers and not against the United States or its officers. Therefore, his act is one which is answerable in the courts of this State. (Penal Law, § 161; Pennsylvania v. Nelson, supra; Uphaus v. Wyman, supra.) Accordingly, the demurrer is disallowed and the defendant is ordered arraigned for pleading.